Filed 11/15/13  P. v. Flores CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>DANIEL V. FLORES,<br><br>　　Defendant and Appellant. | A138552<br><br><br>(Sonoma County<br>Super. Ct. No. SCR-589767) |

Daniel V. Flores appeals from a judgment of conviction and sentence that was imposed after he entered a no contest plea to a robbery charge and admitted related allegations.  His attorney has filed a brief seeking our independent review of the record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (see *Anders v. California* (1967) 386 U.S. 738), in order to determine whether there is any arguable issue on appeal.  We find no arguable issue and affirm.

I.  FACTS AND PROCEDURAL HISTORY

An information filed in September 2011 charged Flores and two codefendants, Steven Chavez and Jesse Afoa, with two counts of robbery.  (Pen. Code, § 211.)[1]  As to each offense, it was alleged that Flores acted in concert with his codefendants and entered a domestic structure within the meaning of section 213, subdivision (a)(1)(A).  It was further alleged that a principal was armed with a firearm during the commission of the offenses.  (§ 12022, subd. (a)(1).)

Flores was later charged with felony failure to appear (case No. SCR-628993).

---

[1]  All statutory references are to the Penal Code.

A.  *No Contest Plea and Admissions*

On February 13, 2013, Flores signed a "Defendant's Waiver of Constitutional Rights Prior to Entry of Guilty or No Contest Plea."  In this written plea agreement, Flores stated that he was pleading no contest to robbery of an inhabited dwelling with two or more accomplices (§§ 211, 213, subd. (a)(1)(A)) and admitting the enhancement allegation under section 12022, subdivision (a)(1).  He further represented that he understood and waived specified constitutional rights, he understood his maximum punishment would be 10 years in state prison, and he understood other specified consequences of his plea.  In addition, Flores expressed his understanding that there was no agreement as to what the specific term of sentence would be, he could be sentenced up to the 10-year maximum, but the "court has indicated low term of [three years] plus one year for firearm enhancement" on the charges.

At the plea hearing on February 13, 2013, Flores was present and represented by counsel.  After being advised of his constitutional rights and acknowledging that he understood and waived those rights, Flores entered a plea of no contest to one count of robbery (§ 211), admitted the gun enhancement allegation (§ 12022, subd. (a)(1)), and admitted that his crime involved voluntarily acting in concert with others and entering a residential structure (§ 213, subd. (a)(1)(A)).  The court found the plea was made knowingly and intelligently, and defense counsel confirmed there was a factual basis for the plea.  As to case No. SCR-628993, Flores pled no contest to willfully evading the process of the court for failing to appear.  (§ 1320.5.)  The prosecution agreed to dismiss the remaining robbery count, and Flores was promised he would receive a sentence of four years eight months (three years for the robbery, one year for the firearm enhancement, and eight months for the failure to appear) or he would be entitled to withdraw his plea.

B.  *Presentence Report's Factual Statement*

The felony presentence report summarized the facts relevant to Flores's offenses based on preliminary hearing transcripts and statements from the victims as recorded in the police report.

After observing marijuana being grown in the apartment of victims Sauls and Hamm, Flores invited Hamm to "hang out" with him on September 12, 2010. Hamm accepted his invitation, and during the afternoon of September 12 spent time with Flores and Sauls smoking marijuana in Armstrong Woods. Before the three of them returned to the victims' residence, Flores borrowed Sauls's cell phone.

Around 6:00 p.m., Flores, Sauls and Hamm arrived at the apartment. After Flores briefly stalled, the three of them walked upstairs to the residence. As they went inside the apartment, two men (later identified as codefendants Afoa and Chavez) entered the residence after them, brandished handguns, and ordered the victims to sit on the couch and later to lie on the floor. The victims were bound and held at gunpoint, and Afoa threatened that they would be killed if they moved. Afoa removed money from Sauls's wallet and then ransacked the apartment, collecting currency, an Xbox, a laptop, an iPod, apartment and car keys, and other items including 10 marijuana plants. Chavez then instructed Flores to carry the loot outside, and the two assailants and Flores fled the scene in a vehicle.

Contacted by police while at Chavez's residence, Flores asserted that he had been kidnapped by the suspects but was able to talk his way out of the situation. Sauls and Hamm identified Chavez in a photographic lineup as one of the suspects, and Chavez was arrested. The victims asserted that clothing seized from Chavez was similar to what was worn by the suspects. Thereafter, Flores was arrested. Sauls was informed by his telephone company that, after Flores borrowed Sauls's phone, the phone was used to make a call to a number later identified as belonging to Chavez.

In text messages sent between Flores and Chavez on September 12, 2010, Flores expressed frustration that he was no longer at the victims' residence and was unable to leave the residence unlocked. Chavez asked Flores for a plan, and Flores instructed him to wait in the car and he would be apprised of their locations. Flores texted Chavez the number of the victims' apartment. He further told Chavez: "Ima be 0n way s0on d0nt g0 there yet til I say ok I want u to be there when we pull up we walk up u c0me fr0m

3

behind when we goin into the d0or." From other text messages, police determined the third person with Flores and Chavez at the time of the robbery was Afoa.

C. *Sentencing*

On March 14, 2013, Flores was sentenced to the agreed term of four years eight months in state prison, comprised of the following: the low term of three years for the robbery; a consecutive eight-month term (one-third the midterm) for the failure to appear; and a consecutive one-year term for the enhancement under section 12022, subdivision (a)(1).

D. *Appeal*

Flores filed a notice of appeal in April 2013 and requested a certificate of probable cause. He contended, among other things, that he was "not aware that [he] would stay in prison 85 [percent]," his defense attorney failed to explain the allegation that he was in possession of a handgun, he told his attorney in a letter delivered on the day of his sentencing that he wanted to withdraw his plea, his defense attorney was not competent, and he was dissatisfied with his attorney's performance. The court denied the request for a certificate of probable cause.

II. DISCUSSION

Flores's appellate counsel represents in the opening brief in this appeal that counsel wrote to Flores and advised him of the filing of a *Wende* brief and his opportunity to personally file a written statement of any issues he wished to call to the attention of the court within 30 days after the filing of the *Wende* brief.

We have not received any filing from appellant.

We find no arguable issues on appeal.

There are no legal issues that require further briefing.

III. DISPOSITION

The judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P. J.

_____

BRUINIERS, J.